**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

      v.

**JAMES LOCKRIDGE,**

   **Defendant.**

**Case No. 1:24-cr-48**

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

James Lockridge, a criminal defendant awaiting trial, is charged with seven counts stemming from three instances of armed robbery. Lockridge now seeks to sever the charges into three separate trials. For the reasons discussed briefly below, the Court **DENIES** Lockridge's Motion for Severance of Counts (Doc. 58).

## BACKGROUND

Defendant James Lockridge is charged with armed robbery. Specifically, the government alleges that on February 5, 2024, Lockridge robbed a Marathon gas station; that five days later, he robbed a different Marathon gas station; and that on February 21, 2024, he robbed the first Marathon gas station again. (Gov't Resp., Doc. 61, #242). Lockridge allegedly discharged a firearm while committing each robbery. (*Id.*).

The government charged him for all three robberies in a single indictment. (Doc. 3). In total, Lockridge faces seven counts, all set to go to trial on June 1, 2026. (Cal. Order, Doc. 55, #196). Counts 1, 3, and 5 charge each robbery; Counts 2, 4, and

6 charge the use of a firearm during each robbery; and Count 7 charges possession of a firearm by a prohibited person. (Doc. 58, #223).

Lockridge, arguing prejudice, now seeks to sever those counts into three separate trials. (*Id.* at #230). While Lockridge initially requested a hearing, he has since withdrawn that request, so the issue is ripe for review.

The government, for its part, maintains that the three robberies have clear similarities. For one, they were each armed robberies of Marathon gas stations located two-and-a-half miles apart. (*Id.* at #242–44). And the government also plans to offer evidence that the perpetrator *acted* similarly during each incident, including by employing the same modus operandi, wearing similar clothing and mask, using the same "silver firearm," and fleeing on foot each time. (*Id.*). Also relevant to the present motion, a firearm was recovered from Lockridge following the third robbery, and the government intends to introduce ballistic evidence matching that weapon to shell casings found at each of the robberies. (Doc. 58, #224).

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Criminal Procedure allows the joinder of two or more offenses in the same indictment if the offenses charged are "of the same or similar character," "based on the same act or transaction," or connected by a "common scheme or plan." The purpose of Rule 8 is "to promote the goals of trial convenience and judicial efficiency." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)). Indeed, the Supreme Court "has long recognized that joint trials 'conserve state funds, diminish

2

inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'" *United States v. Lane*, 474 U.S. 438, 449 (1986) (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)).

In light of this desire to promote judicial efficiency and economy, Rule 8 is interpreted broadly in favor of initial joinder. *See Graham*, 275 F.3d at 512. Whether joinder is proper under Rule 8(a) is determined by the allegations on the face of the indictment. *See, e.g., United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997). "When the joined counts are logically related, and there is large area of overlapping proof, joinder is appropriate." *Graham*, 275 F.3d at 512. (citation omitted).

"Assuming joinder complies with the requirements of Rule 8, the district court retains discretion under Rule 14 to 'order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.'" *United States v. Al-Din*, 631 F. App'x 313, 327 (6th Cir. 2015) (quoting Fed. R. Crim. P. 14(a)). While Rule 14(a) permits a court to order separate trials if an indictment "appears to prejudice a defendant or the government," a defendant seeking severance bears "a heavy burden of showing specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). "Such prejudice exists in cases where 'the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense.'" *United States v. Robinson*, No. 2:20-cr-108,

2021 WL 5762333, at *2 (E.D. Tenn. Dec. 2, 2021) (quoting *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008)).

Even in cases where prejudice is shown, Rule 14 does not require severance, as "even with a significant risk of prejudice, lesser measures such as limiting instructions will typically suffice." *Al-Din*, 631 F. App'x at 327. "Unlike joinder under Rule 8(a), which is limited to a review of the indictment, the propriety of ordering separate trials under Rule 14(a) is focused on the evidence likely to be presented at trial." *Id.* (citing *United States v. Chavis,* 296 F.3d 450, 457–58 (6th Cir. 2002)).

## LAW AND ANALYSIS

At the outset, the Court determines that joinder is proper under Federal Rule of Criminal Procedure 8(a). Three armed robberies at two neighboring Marathon gas stations are clearly "of the same or similar character." Fed. R. Crim. P. 8(a). Indeed, as discussed below, they are practically identical. In fact, Defendant appears to concede that the initial joinder was proper under Rule 8. (Doc. 58, #225). So, the Court devotes the bulk of its analysis to whether Lockridge demonstrates the sort of compelling prejudice needed to succeed on a Rule 14(a) motion to sever his counts. Ultimately, the Court concludes that he does not.

While Lockridge mounts various arguments, they all essentially boil down to one concern—that in evaluating each count, the jury will improperly consider evidence from each of the other two robberies to infer his guilt. (*Id.* at #226). That is insufficient to warrant severance here. That is because, "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not

require severance." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (quoting *United States v. Johnson,* 763 F.2d 773, 777 (6th Cir. 1985)). And Lockridge points to no substantial prejudice he faces here. Indeed, while he raises concerns about jury confusion generally, he points to no authority that his situation overcomes the general rules that (1) "a jury is presumed capable of considering each count separately," *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002) (citing *United States v. Rugiero,* 20 F.3d 1387, 1391 (6th Cir. 1994)), and that (2) "any prejudice may be cured by limiting instructions." *Id.* There is nothing particularly unusual about a defendant facing charges in a single trial for three very similar incidents, connected by overlapping evidence, committed in close time and proximity to one another.

Lockridge, of course, disagrees, and offers several arguments as to why. First, he raises concerns that the government intends to use ballistic evidence[1] across counts to establish a "common firearm narrative"—i.e., that the same gun was used across all offenses. (Doc. 58, #226). He argues that such a strategy would create tension with any potential instruction to the jurors to evaluate each count in isolation. (*Id.*). But the government seeks to introduce the ballistic evidence to show that "the cartridge casing(s) found at [each] particular robbery" match the firearm recovered from Lockridge. (Doc. 61, #249). That is, from what the Court can tell, the evidence's primary purpose is to attempt to place Lockridge at the scene of each robbery, not to

---

[1] Lockridge is also contesting the admissibility of the ballistic evidence in a separate Daubert challenge. (*See* Doc. 57).

prove that one gun was used for all the crimes. And in any event, as discussed below, evidence that the same "silver handgun" was used in all three robberies to prove identity would likely be admissible in separate trials directed at each robbery. So Lockridge does not demonstrate how a "common firearm narrative" in a joint trial would substantially prejudice him.

Next, he raises concerns that the "significantly stronger" evidence linking him to the third robbery—the firearm in question being found on his person within ten minutes of the crime occurring—will spill over into the jury's evaluation of his guilt on the other incidents. (Doc. 58, #227). But "[a] difference in the quantum of evidence as to the two counts 'is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." *Hang Le-Thy Tran*, 433 F.3d at 478 (quoting *United States v. Williams*, 711 F.2d 748, 751 (6th Cir. 1983)). Again, Lockridge does not demonstrate any particular reason why the jury, which will be instructed that it needs to consider each robbery charge separately, could not compartmentalize that evidence here.

Then, he argues prejudice on the grounds that if there were separate trials, evidence of the other robberies would be barred as improper character evidence under Federal Rule of Evidence 404(b). (Doc. 58, #227); *see United States v. Chavis*, 296 F.3d 450, 461 (6th Cir. 2002) (treating cross-admissibility of evidence as one factor courts consider when evaluating prejudice from joinder). In particular, he raises concerns

6

that the jury might treat the first and third robberies "as powerful circumstantial evidence of identity" since they occurred at the same location. (*Id.* at #229).

The problem with that argument is that evidence of other wrongful acts *is admissible to prove identity* under Rule 404(b). *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (citation omitted) ("[W]hen the issue is one related solely to identity, this Court has overwhelmingly approved of the admission of 'other acts' evidence."). In fact, it is well-established that when crimes have an unusual and distinctive pattern sufficient to create a signature or modus operandi the court may admit evidence of the other acts to prove identity. *Id.* (citing *United States v. Woods,* 613 F.2d 629, 635 (6th Cir. 1980) (finding armed robberies to have a signature when during each crime the perpetrators wore ski masks, goggles, and jumpsuits and used a stolen vehicle for a getaway car)). And, as *Woods* shows, the threshold for the necessary distinctiveness is not all that high. 613 F.2d at 635. Here, the government intends to introduce evidence of a sufficiently unusual and distinct modus operandi present in all the robberies: "a lone masked assailant entered a Marathon gas station armed with a silver handgun, immediately fired a shot into the air, pointed the weapon at the clerk, demanded money, and fled on foot." (Doc. 61, #252). And that "[s]urveillance footage shows similar clothing, including distinctive boots, across all three robberies." (*Id.*). That is enough to show distinctiveness. So, even in a separate trial scenario, the Court sees no reason why Federal Rule of Evidence 404(b) would bar this evidence. Nor would Rule 403. The evidence at issue is highly probative, and that probative value is not substantially outweighed by the risk of unfair prejudice.

That means the evidence comes in, severance or not. Accordingly, "[s]ince such evidence would [be] admissible in separate trials, there [is] no prejudice in consolidating the [] charges in one trial." *United States v. Hamilton*, 684 F.2d 380, 384 (6th Cir. 1982).

Finally, Lockridge argues that because charges under 18 U.S.C. § 924(c) (Counts 2, 4, and 6) require mandatory consecutive sentencing, any prejudice is "materially amplifie[d]." (Doc. 58, #228). According to Lockridge, where the consequence of cumulated evidence is not just advisory guidelines exposure, but decades of mandatory consecutive imprisonment, the "risk" from the joint trial is much higher. (*Id.*). But he provides no authority for his claim that potential sentence length impacts the prejudice threshold. And regardless, the Court has not found any significant risk of jury confusion that could be "amplified" by the potential for a long sentence.

Accordingly, the Court finds that joinder is appropriate to "promote the goals of trial convenience and judicial efficiency." *Graham*, 275 F.3d at 512 (quotation omitted). And because there is no significant risk of the jury failing to weigh the evidence for each count separately, the Court declines to sever the charged counts into separate trials. That said, Lockridge will be afforded every right to object to evidence at trial, and if the jury does improperly consider "spilled over" evidence, or

8

the Court fails to give proper limiting instructions, that would be grounds for an appeal.

**CONCLUSION**

For the reasons above, the Court **DENIES** Lockridge's Motion for Severance of Counts (Doc. 58).

    **SO ORDERED.**

May 7, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9
