UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

       **Plaintiff,**

                            **Case No. 1:24-cr-48**

    v.

                            **JUDGE DOUGLAS R. COLE**

JAMES LOCKRIDGE,

       **Defendant.**

## OPINION AND ORDER

James Lockridge, a criminal defendant charged with multiple armed robberies, seeks to suppress evidence through two different motions in limine. (*See* Docs. 67, 68). The first asks the Court to exclude any evidence relating to the fact that police arrested Lockridge for the charged offenses "pursuant to an [unrelated] outstanding arrest warrant." (Doc. 67, #302). The second motion asks the Court to exclude other acts evidence, namely Lockridge's criminal history, including a 2014 aggravated robbery conviction and three acquittals from Hamilton County. (Doc. 68, #306). The Court **DENIES** the first, (Doc. 67), because the fact that Lockridge was arrested on an outstanding warrant is admissible, and **DENIES** the second, (Doc. 68), as **MOOT** because the government does not plan to introduce the other acts evidence to which he objects.

## BACKGROUND

The Cincinnati Police Department arrested James Lockridge on February 21, 2024. (Doc. 67, #302–303). That day, the officers were investigating a robbery (the third robbery that was ultimately charged in the indictment here) when they

encountered Lockridge exiting a building. (*Id.* at #303). One of the officers recognized Lockridge as having an outstanding warrant on unrelated charges. (*Id.* at #302). So, the officers arrested him. (*Id.* at #303). During the course of that encounter, police recovered items, including a firearm and a glove. (*Id.*). The firearm was the very firearm that the government now alleges was used in all three robberies charged here. (Doc. 3, #9–11). After that arrest, a grand jury indicted Lockridge on the seven charges on which he will soon go to trial. (*Id.* at #12).

On the eve of trial, Lockridge filed one motion in limine, (Doc. 67), seeking to exclude evidence of the unrelated arrest warrant, and another motion in limine, (Doc. 68), seeking to exclude evidence of his prior criminal history. The government responded, (Doc. 72), and Lockridge declined to file a reply, so the matter is ripe for review.

## LAW AND ANALYSIS

Motions in limine allow courts "'to avoid delay and ensure an evenhanded expedient trial' by ruling on certain evidentiary issues in advance of trial." *Enoch v. Hamilton Cnty. Sheriff*, 588 F. Supp. 3d 806, 811 (S.D. Ohio Mar. 2, 2022) (first quoting *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 546 F. Supp. 3d 666, 670 (S.D. Ohio 2021); and then citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Courts should grant such motions "only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010)). "Unless evidence meets this high standard, evidentiary rulings should be deferred

2

until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (quoting *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016)).

The first bar any evidence must clear to be admitted is relevance. Evidence satisfies the relevancy standard if "it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. But even relevant evidence is subject to exclusion "if it runs afoul of another evidentiary rule." *United States v. Bhoolai*, No. 1:23-cr-45, 2024 WL 4116235, at * 1 (S.D. Ohio Sep. 9, 2024) (citing Fed. R. Evid. 402). So, for example, a court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. And under Federal Rule of Evidence 404(b), the Court must exclude evidence of "any other crime, wrong, or act … to prove a person's character," when the government is using it "to show that on a particular occasion the person acted in accordance with th[at] character." Fed. R. Evid. 404(b)(1).

In his first motion, Lockridge asks this Court to exclude evidence of the warrant police arrested him on under Rules 401, 403, and 404(b). (Doc. 67, #303–304). As he points out, the underlying conduct that led to that warrant is wholly unrelated to the present charges. In response, the government affirms that it does not intend to introduce or identify any evidence relating to the "charge that the arrest warrant was based on or the underlying facts that led to the issuance of the warrant."

(Doc. 72, #354). However, the government does confirm that it intends to elicit testimony on the *existence* of the warrant to demonstrate the facts that led to Lockridge's arrest. (*Id.* at #346–347).

First, the Court concludes that evidence of the arrest warrant's existence is relevant under Rule 401. The warrant's existence provides useful background information for why police arrested Lockridge, an arrest that resulted in the police discovering the weapon allegedly connected to the robberies. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (finding that "background" evidence, or *res gestae* evidence, "consists of those other acts … the telling of which is necessary to complete the story of the charged offense"). Indeed, it was only due to that unrelated arrest warrant that two of the officers who arrested Lockridge on February 21, 2024, were able to recognize him. (Doc. 72, #344); *see Davis v. City of Columbus*, No. 2:17-cv-823, 2021 WL 5711891, at *2–3 (S.D. Ohio Dec. 2, 2021) (holding that "evidence of [the] warrants and the incidents underlying them that were known to the officers when they effectuated the arrest" were permitted and "relevant to the Officers' threat assessment"). Besides that, had there been no outstanding warrant for Lockridge's arrest, the February 21, 2024, arrest and search would have likely violated the Fourth Amendment. Or, at the very least, failure to explain the existence of the warrant may leave the jury speculating about why officers approached Lockridge.

Second, the Court finds that evidence that an outstanding warrant existed likewise clears the Rule 403 hurdle. Simply put, the Court does not see how the jury learning that Lockridge was arrested under an outstanding warrant "unfairly

prejudices" him in a way that substantially outweighs the probative value of that fact. That is especially so considering that the jury will not hear any discussion of the underlying conduct that led to that warrant. So the facts regarding that other, unrelated conduct, will not be before the jury. For all they will know, the warrant was for an oustanding traffic charge. Perhaps unsurprisingly then, Lockridge offers no authority for the proposition that the jury might decide on an "improper basis" simply because evidence that an unrelated warrant exists is introduced for permissible reasons. Sure, maybe there is some minor risk that the jury might improperly infer that Lockridge is 'of the criminal type' when it learns he had an outstanding warrant. But that potential risk does not "substantially outweigh" the relevancy to the jury hearing how and why the officers arrested Lockridge. *See United States v. Johnson*, 2:24-cr-127, 2025 WL 1530758, at *1–3 (W.D. Pa May 29, 2025) (finding outstanding state warrants admissible under Rules 403 and 404 as "background information on why the officers approached [the defendant]" on the date they arrested him); *see also United States v. Hughes*, 134 F. App'x 72, 76 (6th Cir. 2005) (upholding a district court's admission of evidence of an unrelated crime "to avoid jury confusion as to the basis for the officer's pat down search").

Lockridge also argues that evidence of the warrant must be excluded on Rule 404(b) grounds because "[a]n outstanding warrant necessarily communicates that the defendant is accused of other wrongdoing." (Doc. 67, #304). The Court again disagrees. To repeat, the government "does not intend to introduce evidence related to [the] nature or charge underlying Lockridge's arrest warrant." (Doc. 72, #346).

5

They merely intend to elicit testimony that the warrant existed, and that it is what led to the officers' interest in Lockridge. So it is not being introduced as evidence of Lockridge's character or some other form of propensity evidence, but rather, as noted above, simply as "background evidence" to explain the officers' conduct. *Hughes*, 134 F. App'x at 76. That is, the evidence that Lockridge was arrested pursuant to this warrant both established the basis for their arrest, and as Lockridge himself identifies, offers an explanation for "why officers approached Mr. Lockridge" that day. (Doc. 67, #304).

For those reasons, the Court denies Lockridge's first motion in limine. That said, the Court will hold the government to its representation that it will not identify, or introduce any facts relating to, the other unrelated conduct that led to the issuance of the arrest warrant.

The Court resolves Lockridge's second motion in limine, (Doc. 68), on simpler grounds. There, once again on Rule 404(b) grounds, Lockridge asks the Court to exclude certain prior bad acts evidence relating to a 2014 conviction for aggravated robbery in Hamilton County, in addition to evidence of three previous acquittals. (*Id.* at #306). That evidence is closer to the sort of evidence that Rule 404(b) is meant to exclude. However, because the government asserts that it "does not intend to introduce any of the evidence that Lockridge seeks to preclude" in its case-in-chief, (Doc. 72, #356–357), the Court declines to reach the question. The Court takes the government at its word, and so dismisses Lockridge's motion as moot. If the

government attempts to introduce this evidence at trial, Lockridge may renew his objection then.

## CONCLUSION

For the reasons above, the Court **DENIES** Lockridge's first Motion in Limine (Doc. 67). The Court also **DENIES** Lockridge's second Motion in Limine (Doc. 68) as **MOOT**.

**SO ORDERED.**

May 18, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**